IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ANTHONY KELLY | * |
|     Plaintiff, | |
| v. | *   CIVIL ACTION NO. AW-07-3254 |
| STATE OF MARYLAND | * |
| SHEILAH DAVENPORT | |
|     Defendants. | * |
| | *** |

## MEMORANDUM

This 42 U.S.C. § 1983 civil rights action was received for filing on December 5, 2007, and seeks money damages based upon alleged constitutional violations related to Plaintiff's confinement. Paper No. 1. Plaintiff, who is committed to the Clifton T. Perkins State Hospital Center ("Perkins"),[1] claims that on or about November 21, 2007, he spoke with Defendant Davenport to complain that it is "cruel and unusual punishment" to wake him up at 6:00 a.m. by turning on lights and banging on room doors.[2] *Id.* Plaintiff states that Perkins' policy dictates that patients are to wake up at 6:30 a.m.

Plaintiff claims that such conduct violates his rights under the First, Fourth, Fifth, Eighth and Fourteenth Amendments and additionally raises a count of the negligent infliction of emotional distress and levels bald assertions of due process and equal protection violations. While Plaintiff's

---

[1] The criminal court dockets for the Circuit Court for Montgomery County reveals that in May of 2003, Plaintiff was charged murder, first and second degree burglary, robbery, use of a handgun in a crime of violence, and theft, *see State v. Kelly,* Criminal No. 94449C (Cir. Ct. for Montgomery County), and first degree rape and robbery. *See State v. Kelly,* Criminal No. 97760C (Cir. Ct. for Montgomery County). In both cases a competency hearing was held over the course of February, March, and April of 2004. In June of 2004, Circuit Court Judge Durke Thompson found Plaintiff incompetent to stand trial.

[2] Plaintiff states that Davenport told him he did not have to get up until 6:30 a.m. Paper No. 1.

Motion to Proceed In Forma Pauperis shall be granted, this 42 U.S.C. § 1983 action shall be summarily dismissed.

First, neither the State nor an arm of the State is a "person" within the meaning of 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64-65 & 70-71 (1989). Moreover, the Eleventh Amendment bars suit for monetary damages in federal court by a private individual against an unconsenting state or its agencies, absent waiver or congressional abrogation of sovereign immunity pursuant to section five of the Fourteenth Amendment. *See Seminole Tribe v. Florida*, 517 U.S. 44, 56-58 (1996); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101-02 (1984). Therefore, Plaintiff's Complaint against the State of Maryland is subject to dismissal.

In addition, Plaintiff's Complaint fails to articulate a constitutional claim against Defendant Davenport. Unlike criminally confined offenders who may be subject to punishment as long as it is not cruel and unusual under the Eighth Amendment, psychiatric patients under involuntarily commitment may not be punished under Due Process Clause of the Fourteenth Amendment. *See Youngberg v. Romeo*, 457 U.S. 307, 320 (1982). These patients enjoy certain protections in conditions of reasonable care and safety and reasonably nonrestrictive confinement conditions. *See Neiberger v. Hawkins*, 239 F.Supp.2d 1140, 1149 (D. Colo. 2002). Plaintiff complains that Perkins' staff is turning on bright lights and banging on doors at 6:00 a.m., thirty minutes prior to the official Perkins' wake up time   He states that in response to his informal complaint to Davenport, he was told that he is not required to get up until 6:30 a.m. Dissatisfied with this response, Plaintiff filed this Complaint ten days later. Nothing in his allegations, however, suggests that this particular condition of his confinement is punitive. The practice may prove irritating or vexing, but it does

not create a colorable § 1983 conditions of confinement claim. Further, to the extent that Plaintiff wishes to raise a tort claim of negligence, he may not use a civil rights forum under § 1983 to so do.

For the aforementioned reasons, the court finds that Plaintiff's § 1983 complaint is premised on an "indisputably meritless legal theory" and shall be dismissed pursuant to 28 U.S.C. §1915(e).[3] A separate Order shall be entered in compliance with the opinion set out above.[4]

Date: December 21, 2007                                /s/
                                            Alexander Williams Jr.
                                            United States District Judge

---

[3] Title 28 U.S.C. § 1915(e)(2) states that:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–

(A)  the allegation of poverty is untrue; or
(B)  the action or appeal--
(i)  is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

[4] The dismissal of this case under 28 U.S.C. § 1915(e) shall not count as a "strike" against Plaintiff under the Prison Litigation Reform Act ("PLRA"). Plaintiff is not a "prisoner" within the meaning of the PLRA. The PLRA defines a "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). This definition does not include an individual who has been involuntarily committed to a state hospital following a verdict of not guilty by reason of insanity. *See Kolocotronis v. Reddy,* 247 F.3d 726, 728 (8th Cir. 2001). In *Page v. Torrey,* 201 F.3d 1136, 1139 (9th Cir. 2000), the Ninth Circuit held that a person who is civilly committed pursuant to California's Sexually Violent Predator Act is not a "prisoner" within the definition of the PLRA. *Page* explains that "only individuals who, at the time they seek to file their civil actions are detained as a result of being accused of, convicted of, or sentenced for criminal offenses are prisoners within the definition of ... 28 U.S.C. § 1915 ." *Id.* The Ninth Circuit reasoned that a civil detainee does not fall within the purview of the PLRA's definition of "prisoner" because the detention is not part of the punishment for his previous criminal conviction, but rather is a civil commitment for non-punitive purposes. *Id* at 1139-40.
.